UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH STONE,<br><br>                Plaintiff,<br><br>    v.<br><br>JAMES TILTON, Secretary California Department of Corrections and Rehabilitation; BERNARD WARNER, Deputy Secretary California Department of Corrections and Rehabilitation; NANCY HANLEY, California Department of Corrections and Rehabilitation,<br><br>                Defendants. | 2:08-cv-00326-GEB-GGH<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE AND RULE 4(m) NOTICE |

        A minute order filed on April 10, 2008, scheduled a status conference in this case for May 12, 2008 at 9:00 a.m. and required a status report be filed no later than fourteen days prior to the hearing. No status report was filed.

        Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than noon on June 12, 2008, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or her counsel

1

is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on June 23, 2008, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  A status report shall be filed no later than June 12, 2008.

Plaintiff's written response shall also explain whether Plaintiff has effected service of process on each Defendant.  If service of process has not been completed on or before June 10, 2008, Plaintiff response to the OSC shall also show good cause providing justification for not serving an unserved defendant within the 120-day time period prescribed by Rule 4(m). Failure to satisfy this good cause standard could result in dismissal of any unserved defendant from this action.

IT IS SO ORDERED.

Dated: May 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).